**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHAEL D. HUDGINS, #233194      :
           Plaintiff,        :
                             :
        v.               :        Civil No. L-05-422
                             :
JON P. GALLEY, et al.         :
           Defendants.     :

## MEMORANDUM

On February 10, 2005, Michael D. Hudgins ("Hudgins"), an inmate at the Western

Correctional Institution ("WCI") in Cumberland, Maryland, filed a *pro se* claim under 42 U.S.C.

§ 1983.  Hudgins alleges that WCI officials and staff:  (i) failed to protect him from WCI inmate

Alfred Mack; (ii) solicited another inmate to assault him; and (iii) caused him to be fired from

his prison job, in violation of the Eighth and Fourteenth Amendments.[1]

Pending are (i) Hudgins's Motion for Appointment of Legal Counsel; (ii) Hudgins's

Motion for Leave to File a Supplemental Complaint; (iii) Warden Jon Galley and Gary Knight's

(collectively referred to as "Defendants") Motion to Dismiss; and (iv) Defendants' Motion to

Strike.  Because Defendants' Motion to Dismiss has been fully briefed, the Court will dispense

with a hearing.  See Local Rule 105.6. (D. Md. 2004).  For the reasons stated below, the Court

will, by separate Order,

      (i)       DENY Hudgins's Motion for Appointment of Legal Counsel;

      (ii)      DENY as MOOT Hudgins's Motion for Leave to file an Amended Complaint.

---

[1]     The Complaint further alleged that inmate Alfred Mack assaulted Hudgins in 2004 and State's Attorney Michael O. Twigg failed to prosecute Mack.  The Court summarily dismissed the claims against Defendants Mack and Twigg, but otherwise allowed the Complaint to go forward. Hudgins appealed the dismissal of Mack and Twigg.  The Fourth Circuit dismissed the appeal and issued its mandate in November of 2005.

(iii)     DENY as MOOT Defendants' Motion to Dismiss, without prejudice to refiling as a Motion for Summary Judgment at the close of discovery; and

(iv)     DENY as MOOT Defendants' Motion to STRIKE.

The Court will address each motion in turn.

## I.     Hudgins's Motion for Appointment of Legal Counsel

Hudgins asks the Court to appoint counsel.  A district court has discretion to appoint counsel if the indigent plaintiff presents exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); see also Cooks v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether such circumstances exist depends on (i) the type and complexity of the case, and (ii) the abilities of the litigant.  See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).  Hudgins's failure-to-protect, abuse, and retaliation claims do not present complicated issues.  Hudgins was able to prepare and file his amended complaint, which stated the grounds for his claims, and attached exhibits that include affidavits and other documentary evidence.  This demonstrates Hudgins's ability to articulate facts and raise legal issues without assistance.  Accordingly, the Court will DENY Hudgins's Motion to Appoint Counsel.

## II.     Hudgins's Motion for Leave to File Amended Complaint

Hudgins moves for leave of Court to file an amended complaint, which he attached to his motion for leave.  Federal Rule of Civil Procedure 15 governs the amendment and supplementation of pleadings and states, "A party may amend the party's pleading once as a matter of course at any time before a response pleading is served."  Fed. R. Civ. P. 15(a). Defendants' Motion to Dismiss is not a responsive pleading for purposes of Rule 15(a).  See McKinney v. Irving Indep. School Dist., 309 F.3d 308, 315 (5th Cir. 2002) (motion to dismiss pursuant to Rule 12(b)(6) is not a "responsive pleading," and "the filing of such a motion does

not extinguish a party's right to amend."); see also Smith v. Blackledge, 451 F.2d 1201, 1203 n.2 (4th Cir. 1971).  Hudgins, therefore, may amend his complaint without leave of court.  Id.

Accordingly, the Court deems Hudgins's amended complaint as having been properly filed on July 22, 2005, the date he filed his Motion for Leave to Amend.  Because it was unnecessary for Hudgins's to seek leave of Court to file his amended complaint, the Court will DENY his motion as moot.

## III.    Defendants' Motion to Dismiss and Motion to Strike Reply

Because Hudgins's amended complaint is properly before this Court and supercedes his original complaint, the Court DENIES Defendants' Motion to Dismiss Hudgins's original complaint and Defendants' Motion to Strike Hudgins's reply as moot.

Because Hudgins's factual allegations cannot be resolved by a motion to dismiss, Hudgins is entitled to proceed to discovery on the merits of his claims.  Defendants shall, therefore, answer the complaint.  In a separate section of the answer, Defendants shall state any grounds under Rule 12(b)(6) so those arguments are preserved for review.  After discovery is completed, Defendants may file a motion for summary judgment that incorporates any Rule 12(b)(6) arguments.  Enclosed is a scheduling order that includes a period for discovery.

## VI.    Conclusion

For the foregoing reasons, the Court will, by separate Order, (i) DENY Hudgins's Motion for Appointment of Legal Counsel; (ii) DENY as MOOT Hudgins's Motion to Amend Complaint; (iii) DENY as MOOT Defendants' Motion to Dismiss, without prejudice to refiling as a Motion for Summary Judgment at the close of discovery; and (iv) DENY as MOOT Defendants' Motion to Strike.

Dated this 21st day of February, 2006

_____/s/_____
Benson Everett Legg
Chief Judge