**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHAEL D. HUDGINS, #233194 : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil No. L-05-422 |
| : | |
| JON P. GALLEY, et al. : | |
|     Defendants. : | |

**MEMORANDUM**

**I.   Introduction**

Michael D. Hudgins ("Hudgins"), a former correctional officer for the Department of Public Safety and Correctional Services, is an inmate at the Jessup Correctional Institution ("JCI"). He is housed in protective custody. Hudgins filed the instant action pursuant to 42 U.S.C. § 1983.[1] He originally contended that while he was confined at the Western Correctional Institution ("WCI"), officials and staff: (i) failed to protect him from WCI inmate Alfred Mack; (ii) solicited WCI inmate Karl Wiley to assault him; and (iii) caused him to be fired from his prison job, all in violation of his Eighth and Fourteenth Amendment rights.[2]

Pending are Hudgins's: (i) Motion and Amended Motion for Injunctive Relief, (ii) Motion to Reconsider Appointing Legal Counsel, and (iii) Motions for Summary Judgment. (Docket Nos. 29, 30, 35, 41, & 42). Because the legal issues are clear, the Court will dispense with a hearing. See Local Rule 105.6. (D. Md. 2004). For the reasons stated below, the Court will, by separate Order:

---

[1] Section 1983 authorizes a plaintiff to bring a civil suit against anyone "acting under color of state law" who has deprived him of a right, privilege or immunity secured by the Constitution, laws or treaties of the United States.

[2] The complaint further alleged that inmate Alfred Mack assaulted Plaintiff in 2004 and State's Attorney Michael O. Twigg failed to prosecute Mack. The Court summarily dismissed the claims against Defendants Mack and Twigg, but otherwise allowed the complaint to go forward. Plaintiff appealed the dismissal of Mack and Twigg. The Fourth Circuit dismissed the appeal.

(i) DENY as MOOT the Motion and the Amended Motion for Injunctive Relief;

(ii) DENY the Motions for Summary Judgment;

(iii) GRANT Hudgins's Motion to Reconsider Appointing Legal Counsel;

(iv) DIRECT Defendants to respond to Hudgins's discovery request;

(v) DIRECT Hudgins to submit an affidavit describing the facts on which each of his 42 U.S.C. § 1983 claims are based; and

(vi) DIRECT Defendants to respond to Hudgins's affidavit with briefing and counter-affidavits.

On February 22, 2006, the Court denied the Motion to Dismiss filed by Warden Jon Galley and Gary Knight (collectively referred to as "Defendants"), and directed them to answer Hudgins's Amended Complaint. The Court also issued a Scheduling Order that provided for a period of discovery and required the parties to file a status report and motions for summary judgment. Only Hudgins filed a status report and a dispositive motion. (Docket Nos. 40 & 41). In his status report, Hudgins stated that in April 2006, he sent interrogatories to defense counsel, but that they have not been answered.[3]

Defendants have ignored their discovery obligations, failed to file a status report, and failed to oppose Hudgins's Motion for Summary Judgment. In light of the present status of the case, the Court makes the following rulings:

---

[3] Hudgins also states that he sent defense counsel copies of witness affidavits, and copies of administrative remedy complaints that he had filed with the Warden.

**II.**     **Motion and Amended Motion for Injunctive Relief**

Hudgins moves for a court "order of protection." He states that he was transferred from JCI to the Roxbury Correctional Institution ("RCI") and is being forced to "sign a body waiver to be placed out in general population." (Docket No. 29). Hudgins claims that prison officials are "placing [his] life in danger" by transferring him to RCI. He claims that he should only be housed at JCI's protective custody unit. (Id.). He further alleges that he is without any of his legal materials and cannot properly prepare for this case. (Id.). Hudgins seeks a court order to return him to protective custody at JCI, and that restores his materials to him. (Id.). Defendants have opposed Hudgins's request for injunctive relief.

In their papers, Defendants represent that: (i) Hudgins has been on protective custody status since his admission to the Division of Correction in July of 1993,[4] (ii) after Hudgins's transfer to RCI in March of 2006, he rejected the option of being assigned to general population, and instead remained on single-cell status with one hour of exercise daily, (iii) all property, including legal material, was returned to Hudgins, and (iv) Hudgins has been returned to protective custody assignment at JCI. (Docket Nos. 35, 38, & 43). It therefore appears that Hudgins's request for injunctive relief has been rendered moot. Accordingly, the Court will DENY the Motion and the Amended Motion for Injunctive Relief.

---

[4]     It is uncontroverted that Hudgins was a Patuxent Institution correctional officer from 1989 to 1992, was subsequently convicted of unspecified charges, and was sentenced to 50 years. (Docket No. 38 at Ex. 1).

**III.   Motions for Summary Judgment**

Hudgins's First Motion for Summary Judgment seeks the same relief as did his Motions for Injunctive Relief. Accordingly, it is rendered moot. His Second Motion for Summary Judgment, however, requires additional discussion.

Hudgins's Second Motion reiterates a number of allegations key to his Amended Complaint.[5] (Docket No. 41). He again alleges that Defendant Knight: solicited inmate Karl Wiley to attack him while they were double-celled on WCI protective custody, had him placed on disciplinary segregation, and caused him to be fired from his prison job assignment. (Id.). Hudgins also alleges that on January 28, 2004, he filed an administrative remedy with Warden Galley concerning his problems with inmate Alfred Mack, but that no action was taken. (Id.).

Hudgins's motion was unaccompanied by affidavits, declarations, or exhibits. Defendants did not oppose the Motion, nor did they file their own motion for summary judgment, as the Scheduling Order provided.

Because no materials support Hudgins's Motion, the Court will deny it. The Court construes the Motion, however, as a Motion for Default Judgment against Defendants: (i) as a sanction under Fed. R. Civ. P. 37 for failing to provide discovery, and (ii) for failing to provide the required status report. The motion will be handled as follows:

---

[5]   On July 22, 2005, Hudgins filed an amended complaint that raises claims of retaliation and deliberate indifference against WCI Correctional Officer Knight. (Docket No. 20). He alleges that because he testified against Knight in a federal civil rights action, Knight: (i) caused him to be fired from his job assignment in May of 2002, and (ii) solicited WCI inmate, Karl Wiley, to assault Hudgins, which led to Hudgins receiving a disciplinary infraction. (Id). Hudgins also claims that on January 28, 2004, he filed an administrative remedy grievance about his problems with inmate Alfred Mack, but that Warden Galley took no action. Hudgins alleges that he was assaulted by Mack on or about March 8, 2004, when Mack spat on him and hit him with a cup. (Id.).

No later than March 16, 2007, Hudgins will resubmit his written interrogatories to defense counsel. No later than May 2, 2007, Defendants shall file full and complete answers to Hudgins's interrogatories. As a discovery sanction, all of Defendants' objections to the interrogatories are waived.

## IV.    Motion for Reconsideration of Appointment of Legal Counsel

The Court denied Hudgins's original Motion for Appointment of Legal Counsel because his failure-to-protect, abuse, and retaliation claims did not appear to present complicated issues, and because Hudgins had demonstrated an ability to present his factual and legal claims. (Docket No. 24). In his Motion for Reconsideration, Hudgins alleges that he was previously assisted by a jailhouse lawyer who was transferred to another facility. (Docket No. 30). He further claims that it is impossible for him to conduct full discovery because a number of his witnesses have either been released or are housed at other facilities in Maryland and Utah. (Id.)

Given the current posture of the case, the Court will GRANT the Motion for Reconsideration, and will consider anew whether to appoint counsel. The decision hinges on several factors, including Hudgins's ability to understand the issues, his ability to communicate his position, whether discovery must be conducted, and whether the case will require in-court hearings or a trial. In order to assess these points, the Court needs further information from Hudgins.

To maintain a § 1983 failure-to-protect claim against Warden Galley and Lt. Knight, Hudgins must show that Defendants knew of and disregarded an excessive risk to Hudgins's health and safety. Galley and Knight must have been on notice that Hudgins faced a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).[6] Furthermore, although Hudgins

---

[6] In other words, Defendants must have known of the risk, and acted inappropriately in light of the risk. See Rich v. Bruce, 129 F.3d 336, 339-40 (4th Cir. 1997).

seeks compensatory damages, he has never alleged that he suffered a physical injury. He must allege facts that show that Defendants' actions or inactions resulted in a "serious or significant physical or emotional injury" to him.[7] De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003).[8]

To maintain a 42 U.S.C. § 1983 retaliation claim, Hudgins must show that he was engaged in constitutionally protected conduct, which was a substantial or motivating factor in the prison officials' decision to act against him. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

By April 2, 2007, Hudgins must submit an affidavit fully describing the facts now in his possession that meet the elements of his claims. At a minimum, the affidavit must include the following:

> 1) Did Alfred Mack attack you? If so, when, and what injury did you sustain? Did you seek medical attention for the injury?
>
> 2) What notice did the Defendants have that Mack posed a threat to you?
>
> 3) What steps should the Defendants have taken to protect you against Mack?
>
> 4) You claim that Defendants solicited another inmate, Wiley, to attack you. What facts support this allegation? Do you have witnesses to the attack?
>
> 5) Did Wiley attack you? If so, what injury did you sustain? Did you seek medical attention for the injury?

---

[7] The Court further observes that the Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for emotional and mental injury. See Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997).

[8] If Hudgins wishes his claim against Knight to be construed as an Eighth Amendment excessive force claim, he must show that Knight applied force maliciously and sadistically in an effort to cause harm, and that Knight's actions were harmful enough to offend contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 6-8 (1992). Again, Hudgins must prove that he was harmed. The harm he suffered need not be significant, but must be more than trivial. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc).

6) You allege that the Defendants caused you to be fired from your prison job. What facts support this allegation? Do you have witnesses who can provide affidavits about their knowledge of your termination?

On or before May 2, 2007, Defendants must respond to Hudgins's affidavit by (i) briefing whether Hudgins's allegations satisfy the requirements for proving his § 1983 claims, and (ii) providing full and complete counter-affidavits to support their brief.

**V.   Conclusion**

For the foregoing reasons, the Court will, by separate Order, (i) DENY as MOOT Hudgins's Motion and Amended Motion for Injunctive Relief; (ii) DENY Hudgins's Motions for Summary Judgment; (iii) GRANT Hudgins's Motion for Reconsideration of the Appointment of Legal Counsel; and (iv) DIRECT the parties to otherwise comply with the rulings set out in this Opinion.

Dated this 26th day of February 2007.

/s/
_____
Benson Everett Legg
Chief Judge